IRELL & MANELLA LLP
John C. Hueston (CA Bar No. 164921)
jhueston@irell.com
Moez M. Kaba (CA Bar No. 257456)
mkaba@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

Attorneys for Plaintiff
Patrick McKillen

FILED
CLERK, U.S. DISTRICT COURT
JUN 26 2013
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MCKILLEN, <br><br> Plaintiff, <br><br> vs. <br><br> SIR DAVID ROWAT BARCLAY, SIR FREDERICK HUGH BARCLAY, ELLERMAN CORPORATION LIMITED, AIDAN BARCLAY, RICHARD FABER, and DOES 1 through 10, inclusive. <br><br> Defendants. | Case No. <br><br> SACV13-0968 ABC (AGRx) <br><br> COMPLAINT FOR: <br><br> (1) VIOLATION OF *FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq.*; and <br> (2) INVASION OF PRIVACY <br><br> DEMAND FOR JURY TRIAL |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2828546

COMPLAINT

1  Plaintiff Patrick McKillen ("Plaintiff") hereby alleges, on personal knowledge
2  as to himself, and on information and belief as to defendants David Barclay,
3  Frederick Barclay, Ellerman Corporation Limited, Aidan Barclay, Richard Faber,
4  and DOES 1-10 (collectively, "Defendants"):

## INTRODUCTION

1. This is an action for violations of the Fair Credit Reporting Act (the "FCRA") and Plaintiff's right to privacy arising out of Defendants' unlawful procurement and use of a credit report containing private, legally protected information regarding Plaintiff under false pretenses and for a purpose not permitted by the FCRA. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

2. Senator Proxmire, one of the FCRA's sponsors, reported that the bill sought "to prevent an undue invasion of the individual's right to privacy in the collection and dissemination of credit information." Statement of Senator Proxmire, Committee on Banking and Currency, Subcommittee on Financial Institutions, S. REP. No. 91-517 (Nov. 5, 1969). Additionally, in hearings related to the FCRA, Senator Proxmire noted that '[t]he consumer has . . . a right to see that the information is kept confidential and is used for the purposes for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy. The Fair Credit Reporting Act seeks to secure these rights.'" *Fair Credit Reporting: Hearings on S. 823 Before the Subcomm. on Financial Institutions of the Senate Comm. on Banking and Currency*, 91st Cong. 2 (1969) (statement of Senator Proxmire). Defendants violated these rights as to Plaintiff.

3. Defendants violated Federal and state law in an effort to obtain private information about Plaintiff in order to gain an improper business and litigation advantage over Plaintiff.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2828546

COMPLAINT

- 2 -

## PARTIES

4. Plaintiff is a citizen of Ireland with business interests in the United Kingdom and California. He owns property in Laguna Beach, California, and pays California taxes on any income earned in California. His wife and children are all California residents, and he visits them in California often.

5. Plaintiff is a "consumer" as defined by section 1681a(c) of the FCRA.

6. On information and belief, Defendant David Barclay is a citizen of the United Kingdom and a resident of Monaco.

7. On information and belief, Defendant Frederick Barclay is a citizen of the United Kingdom and a resident of Monaco.

8. On information and belief, Defendant Ellerman Corporation Limited is a company registered in Jersey.

9. Defendant Aidan Barclay's citizenship is unknown, but Plaintiff is informed and believes that he is not a citizen of the United States. On information and belief, Defendant Aidan Barclay is a resident of the United Kingdom. He is Defendant David Barclay's son, and chairman of the Ellerman group of companies, which consist of a number of Barclay family companies, as well as chairman of Telegraph Media Group. He reports directly to Defendants David and Frederick Barclay.

10. Defendant Richard Faber's citizenship is unknown, but Plaintiff is informed and believes that he is not a citizen of the United States. On information and belief, Defendant Richard Faber is a resident of the United Kingdom. He is a director of Ellerman Investments Limited, the Barclay family holding company, and, on information and belief, is directly involved with overseeing the litigation that is taking place in the United Kingdom between Plaintiff and Defendants. He reports to Defendants David Barclay, Frederick Barclay, and Aidan Barclay.

11. Defendants DOE 1 through DOE 10, inclusive, are sued under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2828546

COMPLAINT

- 3 -

names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities. Plaintiff is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged, and that Plaintiff's damages as alleged were proximately caused by those defendants.

12. Plaintiff is informed and believes and therefore alleges that at all times mentioned each of the Defendants, including all Defendants sued under fictitious names, was the agent of each of the remaining Defendants, and in doing the things alleged, was acting within the course and scope of that agency. For example, Defendants David and Frederick Barclay are principals and directors of the Barclay family companies (the "Barclay Companies"). Defendants David and Frederick Barclay and the Barclay Companies are engaged in litigation with Plaintiff in the United Kingdom (the "UK Litigation") and have either directed or otherwise approved the conduct herein alleged. Each Defendant herein either directs or works for one of the Barclay Companies and each has an interest in exerting pressure over and defeating Plaintiff in the UK Litigation.

## JURISDICTION AND VENUE

13. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

14. This Court has jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2). Although Defendants are not residents of the United States, Defendants' contacts with the United States as a whole are sufficient to support jurisdiction. Defendants expressly aimed their actions at the United States – indeed, they would have been unable to obtain Plaintiff's private, legally protected U.S. credit reports without doing so.

15. Venue is proper in this district under 28 U.S.C. § 1391(c)(3) because no Defendant is resident in the United States.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

2828546

COMPLAINT

- 4 -

# BACKGROUND FACTS

## A. ONGOING LITIGATION IN THE UNITED KINGDOM

16. Plaintiff and Defendants are involved in contentious, ongoing litigation in the United Kingdom over the ownership of Coroin Limited, a company that owns some of London's most exclusive hotels. The UK Litigation has been widely covered in the press and involves substantial monetary interests.

17. In the UK Litigation, Plaintiff has alleged that Defendants engaged in unfair and improper litigation tactics, including that Defendants failed to ensure that material witnesses appeared before the court, that Defendants deleted email evidence, and that Defendants failed to disclose and produce relevant text messages, despite the fact that many of the key players in the UK Litigation regularly communicated via text message.

18. In connection with the UK Litigation and the business dispute on which it was based, Defendants sought a significant amount of private information about Plaintiff and his businesses. On information and belief, in order to gain a business and litigation advantage over Plaintiff, Defendants sought to identify his business creditors. Once these creditors were identified, Defendants, working through intermediaries in order to disguise their involvement, attempted to acquire Plaintiff's debts. On information and belief, Defendants sought to become creditors of Plaintiff's so that they would have leverage over him in the UK Litigation and the underlying business dispute. Plaintiff is informed and believes that Defendants concluded that if they became Plaintiff's creditors, Defendants could pressure and/or coerce Plaintiff to terminate the UK Litigation or otherwise accede to Defendants' demands.

19. On information and belief, Defendants pursued every avenue of potential advantage over Plaintiff in connection with the UK Litigation, and their conduct in the United States is nothing more than a continuation of these improper practices.

## B. DEFENDANTS OBTAINED PLAINTIFF'S PRIVATE, LEGALLY PROTECTED CREDIT REPORT UNDER FALSE PRETENSES

20. In or about November 2011, and after Plaintiff filed suit in the UK Litigation, Defendants acquired Plaintiff's Social Security Number ("SSN") without notice to him or obtaining his consent.

21. On information and belief, Defendants acquired Plaintiff's SSN through a secretive investigative process, for no legitimate purpose, and with the intention of intimidating and harassing Plaintiff in order to further Defendants' goals of exerting pressure on Plaintiff in connection with the UK Litigation.

22. On information and belief, Defendants also acquired Plaintiff's Individual Taxpayer Identification Number ("ITIN") without notice to him or obtaining his consent. ITINs are taxpayer identification numbers assigned to both resident and nonresident aliens.

23. ITINs and SSNs are both nine digit numbers. Both can be used to build a credit history, and both can be used to obtain a consumer report, as that term is defined in 15 U.S.C. § 1681a.

24. On November 29, 2011, counsel for certain of the Defendants (the "UK Defense Counsel") in the UK Litigation sent a letter to Plaintiff's counsel in the UK Litigation that disclosed that Defendants had been investigating Plaintiff and proclaimed that Defendants had discovered Plaintiff's SSN. This letter included Plaintiff's full, unredacted SSN and asserted that the SSN was issued in New York in 2004. On information and belief, this information was included in order to demonstrate the extent of Defendants' reach, influence, and access and to intimidate Plaintiff.

25. UK Defense Counsel further made clear that not only had Defendants obtained Plaintiff's SSN, but Defendants had obtained additional information private and confidential to Plaintiff, which information, Plaintiff is informed and believes, Defendants acquired by improperly accessing Plaintiff's credit report.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2828546

COMPLAINT

- 6 -

26. Plaintiff's counsel in the UK Litigation requested an explanation from UK Defense Counsel as to how and why Defendants acquired his SSN. On December 21, 2011, and again on January 27, 2012, UK Defense Counsel confirmed that it was in possession of Plaintiff's SSN. UK Defense Counsel contended that Plaintiff's SSN was acquired by a private investigation company through a third party database in the United States. UK Defense Counsel failed to disclose the name of the private investigation company or the third party database through which Plaintiff's SSN was obtained. Nor did UK Defense Counsel explain what legitimate basis Defendants might have for Plaintiff's SSN.

27. On information and belief, Defendants obtained Plaintiff's SSN and ITIN with the intention of unlawfully procuring a private and legally protected credit report relating to Plaintiff.

28. On information and belief, Defendants, in furtherance of their improper conduct as alleged herein, employed Kroll Factual Data (together with its affiliates, "Kroll") to obtain Plaintiff's confidential and personal information, including Plaintiff's credit report. Defendants and their businesses have had a long-standing relationship with Kroll wherein Kroll investigates matters of interest to Defendants. Defendants' relationship with Kroll is publicly documented. On information and belief, Kroll is Defendants' agent.

29. Specifically, on information and belief, Kroll, acting as an agent of Defendants, obtained Plaintiff's private, legally protected credit report from a United States consumer reporting agency. This private, legally protected credit report constituted a consumer report, as that term is defined in 15 U.S.C. § 1681a.

30. On information and belief, Kroll obtained this private, legally protected credit report without Plaintiff's knowledge or permission. Indeed, Plaintiff has never provided Kroll or Defendants with permission to obtain his private, legally protected credit report.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2828546

COMPLAINT

- 7 -

31. On information and belief, in obtaining the consumer report, Defendants, by and through their agents, represented to the credit reporting agency from which they obtained the consumer report that it was being procured for a permissible purpose, as described in 15 U.S.C. § 1681b. However, this statement was false, and Defendants knew that the purpose for which they requested the report was not permissible.

32. Defendants were required by sections 1681b, 1681n, and 1681q of the FCRA to refrain from obtaining consumer reports from credit reporting agencies under false pretenses.

33. Plaintiff is informed and believes that the conduct described above not only gives rise to the civil cause of action alleged in this Complaint, but also constitutes a criminal offense under section 1681q of the FCRA.

## C. DEFENDANTS OBTAINED AND USED PLAINTIFF'S PRIVATE, LEGALLY PROTECTED CREDIT REPORT WITHOUT A PERMISSIBLE PURPOSE

34. At the time Plaintiff's private, legally protected credit report was obtained and used by Defendants, Plaintiff did not have a relationship with Defendants of the kind specified under section 1681b(a)(3)(A) – (F) of the FCRA.

35. On information and belief, Defendants sought Plaintiff's private, legally protected credit report for improper purposes and in continuation of the pattern and practice already established in connection with the UK Litigation and the underlying business dispute. Specifically, on information and belief, Defendants sought Plaintiff's private, legally protected credit report in order to gain a litigation and business advantage over Plaintiff by, at least, identifying his personal debts, his creditors, his investment interests, the location of properties he owns, and his creditworthiness. Defendants had no right to this private and confidential information, and Defendants sought to use this information and did use this information to attempt to exert pressure on Plaintiff in the UK Litigation. For

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2828546

- 8 -

COMPLAINT

example, Defendants intended to use this information to seek security for costs in the UK Litigation in an effort to put financial pressure on Plaintiff to abandon his claims in that litigation.

36. On March 29, 2012, Defendant Richard Faber, Frederick Barclay's former son-in-law and a senior executive at Ellerman Investments, the Barclay family holding company, was cross-examined by Plaintiff's counsel in the UK Litigation. When he was asked whether he had tried to obtain Plaintiff's SSN, he admitted that obtaining Plaintiff's SSN "may have been a part of the litigation process" against Plaintiff in the UK Litigation. Defendant Faber also testified that "the social security number was in connection with [Defendants'] concern that Mr. McKillen was not able to pay for the legal action that he had brought and we were interested in where Mr. McKillen is based."

37. Defendants' illegal, unlawful, and impermissible acquisition of Plaintiff's private, legally protected credit report violates the FCRA.

38. As a result of Defendants' actions, Plaintiff has suffered damages.

## FIRST CAUSE OF ACTION

## WILLFUL VIOLATION OF THE *FAIR CREDIT REPORTING ACT*, 15 U.S.C. § 1681 et seq.

### (Against All Defendants)

39. Plaintiff incorporates by reference paragraphs 1-38 as if set forth again in full.

40. On information and belief, Defendants obtained a consumer report, as that term is defined in 15 U.S.C. § 1681a, containing information about Plaintiff, a consumer, under false pretenses, in that they represented to the consumer reporting agency that provided the report that the consumer report was being obtained for a permissible purpose under 15 U.S.C. § 1681b, when in fact it was not.

41. On information and belief, Defendants obtained and/or used a consumer report, as that term is defined in 15 U.S.C. § 1681a, containing

information about Plaintiff, a consumer, for other than a permissible purpose as provided by 15 U.S.C. § 1681b, in that Defendants obtained and/or used Plaintiff's consumer report for impermissible purposes, including but not limited to, learning Plaintiff's private, confidential and legally protected information for the purposes of exerting litigation and business pressure over and coercing Plaintiff.

42. On information and belief, Defendants did so knowingly, willfully, and wrongfully.

## SECOND CAUSE OF ACTION
## INVASION OF PRIVACY
### (Against All Defendants)

43. Plaintiff incorporates by reference paragraphs 1-38 as if set forth again in full.

44. By the conduct described above, Defendants have intentionally intruded upon the solitude and seclusion of Plaintiff by willfully obtaining unwanted access to data about Plaintiff.

45. Plaintiff had a reasonable expectation of privacy in his private, legally protected credit report and the information contained therein.

46. This intrusion would be highly offensive to a reasonable person in that Defendants exhibited a cavalier disregard for Plaintiff's right to privacy by improperly obtaining personal, private information about Plaintiff for an impermissible purpose, in an attempt to gain a litigation and business advantage over him, and with the ultimate goal of intimidating and harassing him.

## PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

48. For actual damages in an amount to be proven at trial;

49. For statutory damages as described in 15 U.S.C. § 1681n;

50. For exemplary and punitive damages;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2828546

COMPLAINT

- 10 -

51. For injunctive relief to prohibit further wrongdoing, including further harassment, by Defendants;

52. For costs and disbursements incurred in connection with this action, including, but not limited to attorneys' fees through trial and all appeals, costs of court, and other costs as allowed by law;

53. For prejudgment and post-judgment interest as provided by statute or otherwise; and

54. For such other and further relief as the Court deems just, equitable, and proper.

Dated: June 26, 2013                    IRELL & MANELLA LLP

_____
John C. Hueston
Moez M. Kaba
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Plaintiff Patrick McKillen*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2828546

- 11 -

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

Dated: June 26, 2013

IRELL & MANELLA LLP

*(signature)*

John C. Hueston
Moez M. Kaba
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

*Attorneys for Plaintiff Patrick McKillen*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2828546

- 12 -

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

### SACV13- 968 ABC (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

| Name & Address: | |
|---|---|
| John C. Hueston (CA Bar No. 164921)<br>Moez M. Kaba (CA Bar No. 257456)<br>Irell & Manella LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660 | |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| PATRICK MCKILLEN,<br><br>PLAINTIFF(S)<br>v.<br>Sir David Rowat Barclay, Sir Frederick Hugh Barclay, Ellerman Corporation Limited, Aidan Barclay, Richard Faber, and DOES 1 through 10 inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>SACV13-0968 ABC(AGRx)<br><br>SUMMONS |
|---|---|

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __John C. Hueston_____, whose address is __Irell & Manella LLP, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUN 2 6 2013

Dated: _____

Clerk, U.S. District Court

By: _____
Deputy Clerk

JULIE PRADO

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
MCKILLEN, PATRICK

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
BARCLAY, SIR DAVID; BARCLAY, SIR FREDERICK; ELLERMAN CORPORATION LIMITED; BARCLAY, AIDAN; FABER, RICHARD; and DOES 1 through 10, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
John C. Hueston (CA Bar No. 164921)
Moez M. Kaba (CA Bar No. 257456)
Irell & Manella LLP
840 Newport Center Dr., Ste 400, Newport Beach, CA 92660
(949)760-0991

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ Unstated (according to proof); injunction

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1681 et seq., willful violation of the Fair Credit Reporting Act

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: SACV13-0968

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)     CIVIL COVER SHEET     Page 1 of 2
CCD-CV71

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] NO  [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] NO  [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Plaintiff Patrick McKillen is a citizen of Ireland. |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Defendants Sir David and Frederick Barclay are residents of Monaco. Defendant Ellerman Corporation Limited is resident in the Bailiwick of Jersey. Defendants Aidan Barclay and Richard Faber are residents of the United Kingdom |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____  DATE: 6/26/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |